Keesling v. Frazier.

No. 13,132.

KEESLING v. FRAZIER.

CONTRACT.—*Recognizance.*—*Agreement of Third Person to Indemnify Surety.*— *Statute of Frauds.*—A contract whereby A. agrees with B. that in consideration that the latter will enter into a recognizance, as surety, for the appearance of C. to answer a criminal charge, A. will indemnify B. for any loss he may sustain, is not within the statute of frauds, as an agreement to answer for the default of another, but is valid as an original agreement.

SAME.—*Measure of Recovery.*—Under such contract B. is entitled to full indemnity, and a judgment against A. for the amount of the recognizance and the costs made in taking judgment thereon, with six per cent. interest from the date of the payment of the same by B., is proper.

From the Delaware Circuit Court.

*R. S. Gregory* and *A. C. Silverburg,* for appellant.

*W. W. Orr* and *J. E. Mellette,* for appellee.

COFFEY, J.—It is averred in the complaint in this cause, that in the year 1884 Felix Leffingwell was under indictment, in the Randolph Circuit Court, for selling intoxicating liquor without a license so to do; that he was arrested on a warrant issued on said indictment, and that the appellant herein, being interested in his release from custody, and desirous of obtaining bail for him, contracted and agreed with the appellee that in consideration that he would enter into a recognizance with the said Leffingwell for his appearance in said court to answer said charge, he, appellant, would indemnify appellee for any loss he might sustain by reason thereof; that, pursuant to said contract and agreement, he did enter into a recognizance with said Leffingwell for his appearance in said court to answer said charge on a day named in said recognizance; that the said Leffingwell failed to appear at said time, pursuant to said recognizance, and answer said charge, by reason of which the said recogni-

zance was forfeited and the appellee was compelled to and did pay in discharge thereof, and in discharge of the costs thereon, the sum of $231.83; that the appellant, although often requested so to do, has failed and refused to indemnify the appellee.

The defendant answered: 1st. By general denial. 2d. Want of consideration.

A trial by jury resulted in a verdict against the appellant for the sum of $239.43. The appellee remitted $14.73, and the court, over a motion for a new trial, rendered a judgment against the appellant on said verdict. The appellant assigns as error:

1. That the circuit court erred in overruling the appellant's demurrer to the appellee's complaint.

2. That the said court erred in overruling the appellant's motion for a new trial.

3. That the said court erred in overruling the appellant's motion in arrest of judgment.

It was formerly held that an agreement like the one set up in the complaint in this cause was void, as being an agreement to answer for the default of another; but it is now held, in this State, that such an agreement is valid, as an original agreement, and is not within the statute of frauds. *Anderson* v. *Spence*, 72 Ind. 315.

The complaint states a cause of action in favor of appellee against the appellant. The court below, therefore, did not err either in overruling the demurrer to the complaint or in overruling the motion in arrest of judgment.

It is earnestly insisted that the evidence in the cause does not support the verdict. The record shows that the appellant admitted all the material allegations in the complaint, except the allegations in relation to the contract therein set out. The evidence in the cause introduced by the appellee tended strongly to support the allegations in the complaint as to the contract. It is true that the evidence on the part of the appellant tended strongly to disprove these allega-

tions, but the weight of the testimony was for the jury. We do not feel authorized to reverse this case on the evidence.

It is also contended that the court erred in its instructions to the jury. We have carefully examined the instructions, and they fairly stated the law of the case to the jury. They are quite lengthy, and no good purpose would be subserved by setting them out in this opinion.

It is claimed that the jury erred in assessing the damages, the amount assessed being too large. The judgment is for the amount of the recognizance and the costs made in taking judgment thereon against the appellee, together with six per cent. interest thereon from the date of the payment of the same by the appellee to the date of the rendition of the judgment in this cause. If the contract between appellant and appellee was such as is averred in the complaint, the judgment is for the correct sum. The appellee was entitled to be fully indemnified for all sums he was compelled to pay by reason of having signed the recognizance.

We find no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

