JULIA A. STORCH and Another v. REINHOLDT E. DUHNKE and Others.

June 9, 1899.

Nos. 11,710—(214).

## Exchange of Property—Agreement Construed as Offer.

A written instrument providing for an exchange of property, signed and sealed by both parties, abstracts of title to be furnished and deeds to be delivered within 15 days, contained the following provision: "This agreement is made subject to the procuring of. a satisfactory loan to the party of the first part (plaintiffs) on the last-described property" (the property to be received by the plaintiffs in the exchange). Construing this as meaning a loan to be procured by the plaintiffs satisfactory to themselves, but not stating its amount or terms, *held* that, although in the form of a bilateral agreement, this instrument in legal effect amounted only to a proposal or offer by the defendant, which he was at liberty to withdraw at any time before its acceptance by the plaintiffs.

## Seal—Consideration.

The seal to the instrument did not purport a distinct and collateral consideration for a 15-days option to the plaintiffs.

Specific Performance—Allegation of Acceptance Insufficient.

In an action to compel specific performance, the complaint, after setting up the written instrument, merely alleged that within the 15 days the plaintiffs gave the defendant notice of their acceptance, and that he then and there (that is, contemporaneously with the notification of acceptance) refused, and ever since has refused, to perform. *Held*, that the complaint was insufficient, for the reason that it did not show that the contract was completed; that is, that the notice of acceptance was complete before the offer was withdrawn.

Action in the district court for Hennepin county for specific performance of a contract to convey real estate. From an order, McGee, J., sustaining demurrers to the complaint, plaintiffs appealed. Affirmed.

*George R. Smith* and *Peterson & Kolliner,* for appellants.

A seal, in the absence of evidence to the contrary, imports consideration. McMillan v. Ames, 33 Minn. 257; Erickson v. Brandt, 53 Minn. 10. An option without consideration is a mere offer, but if accepted within the time specified becomes a binding contract. The difference between a mere offer and an option is that an offer may be withdrawn at any time before acceptance, while an option cannot be withdrawn till after the time mentioned. When plaintiffs within the 15 days tendered performance, the option ripened into a binding contract. Hence the contract does not lack mutuality. McMillan v. Ames, supra; Boston v. Bartlett, 3 Cush. 224; Eliason v. Henshaw, 4 Wheat. 225; 2 Langdell, Contr. p. 1024, § 70; Austin v. Wacks, 30 Minn. 335; Langellier v. Schaefer, 36 Minn. 361; Ames & Frost Co. v. Smith, 65 Minn. 304; Woodruff v. Woodruff, 44 N. J. Eq. 349; Willard v. Tayloe, 8 Wall. 557; Old Colony v. Evans, 6 Gray, 25; Bigler v. Baker, 40 Neb. 325; Weaver v. Burr, 31 W. Va. 736; Hayes v. O'Brien, 149 Ill. 403; Staples v. O'Neal, 64 Minn. 27; Peevey v. Haughton, 72 Miss. 918; Moses v. McClain, 82 Ala. 370; Ross v. Parks, 93 Ala. 153; Bradford v. Foster, 87 Tenn. 4; Johnston v. Wadsworth, 24 Or. 494; Seaton v. Tohill, 11 Colo. App. 211; Waters v. Bew, 52 N. J. Eq. 787; Clason v. Bailey, 14 Johns. 484; Wisconsin v. Braham, 71 Iowa, 484. The mutuality and consideration consist in the fact that the vendee has done on the promise of the vendor what the latter required; and it is im-

material that it was done without entering into a previous undertaking so to do. Waterman, Spec. Perf. § 269; Bacon v. Kentucky, 95 Ky. 373.

*Jackson & Lancaster* and *Claude B. Leonard,* for certain respondents.

Equity requires an actual consideration in case of executory agreements, and permits evidence of the want of it without regard to the seal. Lamprey v. Lamprey, 29 Minn. 151; 3 Pomeroy, Eq. Jur. §§ 1293, 1405; Winter v. Goebner, 2 Colo. App. 259. Smith v. Wood, 12 Wis. 425, covers the case at bar. Even if the instrument in suit could be construed as a continuing offer, plaintiffs cannot recover, since the complaint does not allege an acceptance.

*W. H. Place,* for respondent Reinholdt E. Duhnke.

There must be mutuality of remedy as well as of obligation in contracts of this character. Specific performance will not be decreed when for any reason it would be inequitable. In such case the parties are left to their remedies at law. Seymour v. Delancey, 6 Johns. Ch. 222; Smith v. Wood, 12 Wis. 382; Hay v. Lewis, 39 Wis. 364; Mowry v. Wood, 12 Wis. 460; Dean v. Earley, 15 Wis. 109. The contract lacks such mutuality as would render it capable of specific performance. Anson, Contr. 43; Pomeroy, Contr. § 57; Adams, Eq. 78; Winter v. Goebner, 2 Colo. App. 259; Lamprey v. Lamprey, 29 Minn. 151; Brown v. Munger, 42 Minn. 482; Maynard v. Brown, 41 Mich. 298; Pittsburg v. Slack, 42 La. An. 107; Stensgaard v. Smith, 43 Minn. 11; Tilley v. County of Cook, 103 U. S. 155; Atlee v. Bartholomew, 69 Wis. 43; King v. Warfield, 67 Md. 246; Board v. Crockett, 111 Ind. 316; Iron v. Western, 83 Ala. 498; Ross v. Parks, 93 Ala. 153; Warren v. Costello, 109 Mo. 338.

MITCHELL, J.[1]

This action was brought to compel specific performance of the so-called "agreement," Exhibit A, attached to the complaint. This was a bilateral instrument, executed by both parties under seal, for the exchange of properties, abstracts of titles to be furnished on demand, and delivery of deeds within 15 days. The peculiarity

[1] COLLINS, J., absent, took no part.

of this instrument is the fact that it contains the following provision or condition, viz.:

"This agreement is made subject to the procuring of a satisfactory loan to the party of the first part (plaintiffs) on the last-described property;" [that is, the property which they were to receive from the defendant in the exchange.]

This provision was evidently inserted for the exclusive benefit of the plaintiffs, and the manifest meaning of it is that the proposed agreement was not to be binding on them as a consummated contract until and unless they could procure a loan upon the property satisfactory to themselves. If the amount and terms of the proposed loan had been stated, the instrument might have constituted a present agreement, subject to the condition that the plaintiffs should be able, within the 15 days, and by reasonable efforts, to procure a loan of the amount and on the terms specified. But in the present form of this provision we are of opinion that the instrument, although in the form of a bilateral agreement, was not binding on the plaintiffs until and unless subsequently accepted by them, and, in legal effect, amounted to nothing but a proposal on the part of the defendant Duhnke, which he was at liberty to withdraw at any time until accepted by the plaintiffs.

But it is urged by plaintiffs' counsel that the seal attached to the instrument imports a consideration, and therefore the instrument amounted, not to a mere gratuitous offer, but to an option given for a valuable consideration, and therefore could not be withdrawn, but would remain open to plaintiffs' acceptance until the expiration of the 15 days. To this suggestion there are two answers:

First. Where a sealed contract expresses the consideration for it, the seal does not purport any other or different consideration than the one expressed; and while this instrument, as we have suggested, amounts in legal effect to nothing but an offer, it was in the form of a bilateral agreement, the expressed consideration for which was the mutual promises of the parties to make an exchange of property, and under these circumstances the seal raises no presumption that there was any distinct and collateral consideration paid for an option.

Second. If there is any one thing settled in equity jurisprudence, it is that equity will not compel a man to give away his property because he has promised to do so under seal. Equity always requires an actual consideration in the case of executory agreements, and permits evidence as to the want of it without regard to the seal. Lamprey v. Lamprey, 29 Minn. 151, 12 N. W. 514. The courts of equity inquire into the question of consideration, not for the purpose of setting aside the contract, but for the purpose of ascertaining whether they ought to lend their peculiar auxiliary remedies to aid in its enforcement. And if this is true in the case of executory contracts themselves, it must be equally so in the case of mere options, properly so called, on the principle that the lesser includes the greater, and the whole includes all its parts. While there are some discursive dicta in McMillan v. Ames, 33 Minn. 257, 22 N. W. 612, so much relied on by the plaintiffs, yet, if the nature of that action and the precise question before the court are carefully considered, it will be found that it decides nothing contrary to the proposition which we have just announced.

Having determined that this instrument was in legal effect a mere proposal on part of the defendant, which he might withdraw at any time before (but not after) its acceptance by the plaintiffs, let us now consider the sufficiency of the complaint. After alleging the execution of this instrument, which is made a part of the pleading, the complaint then alleges (construing it most favorably to the pleader) that within the 15 days the plaintiffs gave defendant notice of their acceptance of the proposal, and of their readiness and willingness to have the deeds of exchange executed, "but that said Reinholdt E. Duhnke then and there refused, and has ever since refused, and does still refuse," etc. This is all that the complaint contains which can have any possible tendency to show a complete contract. According to plaintiffs' own allegations (under our construction of the instrument Exhibit A) there was no contract between the parties, at least up to the time when plaintiffs signified their acceptance of the offer; and that there was any contract made at that time is negatived by the allegation that then and there—that is, simultaneously with plaintiffs signifying their acceptance—the defendant withdrew the offer, by repudiating

it, and refusing to stand by it. There are some authorities which seem to imply that, to constitute a binding contract, there must be a meeting of the minds of the parties at the time of the giving of the notice of acceptance in the sense that the one who had made the offer must then and there assent to it. Mr. Leake, in his work on Contracts (page 42), states the law thus:

"An offer may be revoked at any time before acceptance; but the revocation must be communicated to the person to whom the offer was made before or at the time of his communicating an acceptance." See also Cooke v. Oxley, 3 Term R. 653; Head v. Diggon, 3 Man. & R. 97.

We are not quite clear just what is meant by such language, and, as counsel have not gone into the subject, we have not pursued it, as it is unnecessary to do so at present. In this case, however, the complaint contains no allegation that the offer was still open when plaintiffs signified their acceptance, but the allegation is, in effect, that contemporaneously with such notification, and consequently while the acceptance was still incomplete, the defendant repudiated the offer, and refused to perform. The pleading is therefore defective in that it does not contain any allegations showing that there was ever any completed contract.

Order sustaining the demurrers affirmed.