## JENNIE C. BARNES *vs.* GEORGE A. UPHAM.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and HAINES, JS.

A mortgagor who has sold the premises subject to the mortgage and is afterward required to pay the mortgage note, may be entitled to an assignment of the debt and mortgage to enable him to enforce against his grantee the latter's agreement to assume and pay the mortgage debt; but where—as in the present case—a mortgagor who is the owner of the equity of redemption and in possession of the premises, pays the mortgage debt, all the equities of the situation are satisfied by a release of the mortgage, which operates as a reconveyance of the mortgagee's estate, and serves the same purpose as does the return of collateral to a pledgor, and therefore he cannot insist upon an assignment of the note and mortgage with a view to keeping them alive in his own hands to the possible detriment of his creditors.

Argued November 9th—decided December 22d, 1920

SUIT to foreclose a judgment lien, brought to the Superior Court in New Haven County where a demurrer to the answer was sustained (*Curtis, J.*), leave to refile the answer was denied and judgment rendered (*Webb, J.*) for the plaintiff, from which the defendant appealed. *No error.*

*Nathaniel R. Bronson,* for the appellant (defendant).

*Carl Foster,* for the appellee (plaintiff).

BEACH, J. The defendant's answer admits the judgment debt, and although in form it puts the plaintiff to her proof as to all the other allegations of the complaint, their truth is practically admitted by the affirmative allegations in the answer and by the claims for relief.

By way of equitable defense and counterclaim, the answer alleges that the judgment in question was based

on two notes, each secured by a first mortgage on land then owned by the defendant, and so far as appears, still owned and possessed by him, when the answer was filed. One of these notes, for $1,500, represents a mortgage indebtedness which the defendant assumed and agreed to pay when he acquired the mortgaged premises, and the other note, for $3,800, was executed by the defendant and secured by a mortgage on other property belonging to him. It is alleged that the defendant has offered to pay the judgment and demanded assignments of the notes and mortgages, but that the plaintiff has refused to execute and deliver the same to the defendant.

The prayers for relief annexed to the answer ask for orders requiring the plaintiff to indorse the notes and to execute proper conveyances of the mortgaged premises to the defendant, and to deposit them with the clerk of the court to be delivered to the defendant on payment of the amount of the judgment lien.

These prayers for relief present the same claims of law that were overruled by this court in the original action between the parties. In *Barnes* v. *Upham*, 93 Conn. 491, 495, 107 Atl. 300, we said: "The second special defense to the third and fourth counts stands on the claim that as a condition of recovery on the mortgage notes, the plaintiff must tender or offer an assignment of the mortgage security. That is not our law. The mortgagee has always been permitted to bring foreclosure, ejectment, or an action on the note."

We need only add that this is not a case where the mortgagor, or one who stands in the shoes of the original mortgagor, has sold the mortgaged premises subject to the mortgage and is afterward required to pay the mortgage note. *Hart* v. *Chase*, 46 Conn. 207; *Sisk* v. *Rapuano*, 94 Conn. 294, 108 Atl. 858; 2 Jones on Mortgages (7th Ed.) § 793. In such cases an assignment of the

debt and mortgage may be necessary to enable the mortgagor to enforce against his grantee the latter's agreement to assume and pay the mortgage debt.

But where, as in this case, a mortgagor who is the owner of the equity of redemption pays the mortgage debt, all the equities of the situation are satisfied by a release of the mortgage, which operates as a reconveyance of the mortgagee's estate, and serves the same purpose as does the return of collateral to a pledgor. The mortgagor in possession cannot have a judgment against himself on the note, nor a decree foreclosing himself from the premises; and the only result of keeping the mortgage alive in the hands of the mortgagor in possession (if that were possible), would be to enable him to assert a prior lien on his own property whereby his creditors might be prevented from resorting to it in satisfaction of their claims.

There is no error.

In this opinion the other judges concurred.