GEORGE GASCOIGNE vs. LAWRENCE TIMMONS.

Third Judicial District, New Haven, January Term, 1921.

WHEELER, C. J., BEACH, GAGER, BURPEE and WOLFE, Js.

In an action for an accounting the defendant, in a counterclaim, alleged that the plaintiff had become indebted to him, that in satisfaction of said indebtedness the plaintiff conveyed certain real estate to him by warranty deed, that at the plaintiff's request he did not record the deed, and that the plaintiff then sold and conveyed the premises to a purchaser for value without notice, so that the defendant was deprived of the property,—for all of which damages were claimed. The trial court found that the deed, though absolute in form, was intended as a mortgage to secure a nominal loan, of which only $300 remained unpaid, and that the defendant knew all about the sale and never spoke about it to the plaintiff or made claim for damages until this action was brought several years later, and it dismissed the counterclaim. Another counterclaim for the balance due on the loan had been withdrawn by the defendant at the trial. *Held:*—

1. That the evidence fully justified the court in its finding that the

transaction was not one of sale, but was one of mortgage by absolute deed.

2. That as the counterclaim presented only a claim for damages for breach of warranty, on the theory that the defendant was the owner of the land as against the plaintiff, this being the defendant's position on which he insisted throughout the trial, there was no issue tendered for the recovery of the balance of the indebtedness, and the court did not err in failing to render judgment for such balance.

Argued January 19th—decided April 20th, 1921.

ACTION for an accounting and payment of the amount found due thereon, brought to the Superior Court in Fairfield County where the issues raised by the complaint and answer, and by the first and third counterclaims, were referred to a committee who heard the parties and filed his report; the court, *Curtis, J.*, accepted the report and found the facts to be as therein stated, and also found the issues raised by the fourth counterclaim in favor of the plaintiff, and thereupon rendered judgment that he recover $4,157 of the defendant, and be paid one half of the net proceeds of certain mortgages for $3,750, when the same should be realized; and from this judgment the defendant appealed. *No error.*

The appeal is based solely upon claim of error in the trial by the court on the issues raised by the fourth counterclaim. The substance of this counterclaim is that prior to December 18th, 1913, the plaintiff had become indebted to the defendant in various sums aggregating nearly $2,500; that upon that date the plaintiff represented to the defendant that he had no money but would, by warranty deed, convey to the defendant certain real estate—subject to an existing mortgage of $5,000, which defendant was to assume—in satisfaction and payment of the indebtedness of $2,500; that this was agreed to, a warranty deed was executed and delivered to the defendant and received in discharge of such indebtedness; that the plaintiff

requested the defendant not to record the deed and the defendant did not record it; that thereafter plaintiff gave a second mortgage on the property; that prior to the giving of the deed by the plaintiff to the defendant on December 18th the plaintiff had already entered into a written contract with a third party to sell and convey the property to such third party, and thereupon, and after giving the deed of the premises to the defendant, the plaintiff sold and conveyed to said third party and received the proceeds of the sale from the third party, who was a purchaser for value and recorded his deed of the premises without notice of the rights of the defendant, whose deed was not recorded; that thereby the defendant was deprived of the property to its value over and above the $5,000 mortgage assumed by him in the deed,—for all of which damages were claimed.

The trial court found that on the 18th of December, 1913, plaintiff requested the defendant to loan him $1,000, to which defendant agreed and gave the plaintiff his check, dated the 18th of December, 1913, for $500, and his note, dated December 18th, 1913, for $500. It was agreed between plaintiff and defendant that plaintiff should deliver to defendant, as security for this loan, a deed of certain land situated at Riverside in the town of Greenwich, and on said day plaintiff executed and delivered a warranty deed of said premises to the defendant, at which time it was agreed between them that the defendant would not record the deed. The defendant received the deed and never recorded it. Plaintiff cashed the check for $500 and received the proceeds. The plaintiff did not use the note for $500 and defendant never paid the same. On March 4th, 1914, plaintiff repaid to defendant $100 on account of the loan, and on April 27th, 1914, the plaintiff paid the defendant a further sum of $100 on account, leaving due a balance of $300, which is still unpaid. The deed,

although in form a warranty deed, was given solely for the purpose of securing the loan of $1,000 on which $300 remains unpaid. Shortly after December 18th, 1913, the plaintiff deeded the premises described in said deed to a third party and obtained the proceeds thereof for his own benefit. The defendant was advised of this sale and knew that it took place, but at no time objected to the making of the sale, nor did he at any time claim any damages because of said sale, or write to the plaintiff regarding the same, until this action was brought in July, 1918. The amounts claimed in the counterclaim as loans and consideration for the deed of December 18th, 1913, were not loans to the plaintiff. The defendant pleaded the balance due from plaintiff on said loan of $500 in his second counterclaim, but during the trial withdrew this counterclaim upon the ground that he could not find his promissory note upon which the counterclaim was founded. The defendant made no claim on the trial of the case for any balance due on the loan made by him to the plaintiff. The court held that plaintiff was entitled to judgment against the defendant dismissing the fourth counterclaim, and from this judgment the defendant appealed.

*William F. S. Hart*, for the appellant (defendant).

*Robert R. Rosan*, for the appellee (plaintiff).

GAGER, J. From the statement of facts it appears, in brief, that the defendant's counterclaim is based upon the theory that he was the purchaser of the described land from the plaintiff, subject to a mortgage of $5,000, that because of the request of the plaintiff defendant did not record the deed, and that thereby plaintiff was enabled to and did convey good title to a third party, whereby defendant lost the benefit of his bargain,— for which he claims damages on the ground of a breach of

the contract of warranty. The court found that the deed, absolute in form, was intended as a mortgage to secure a nominal loan of $1,000, only $500 of which was in fact loaned, and that of the $500, $300 only remains unpaid; that by mutual agreement the deed was not recorded; that defendant knew all about the sale, which occurred soon after the deed in question, and never spoke about it to plaintiff or made any claim for damages until he brought this action in 1918.

Nearly all the reasons of appeal are based on claimed errors of the court in finding the subordinate facts leading to the ultimate conclusion of fact that the deed of December 18th, 1913, was in effect a mortgage. As is not unusual, the opinion of counsel seems to differ entirely from that of the court as to the conclusions of fact to be drawn from the evidence. It is claimed that the court has found many essential facts without sufficient evidence, and has refused to find the facts as claimed by the defendant when there was sufficient evidence to support them and no adequate evidence against them. It is of no advantage to rehearse the details. We have carefully read the entire transcript of testimony and are satisfied that the court was fully justified, was in fact compelled, by a reasonable consideration of the testimony, to find that the transaction was not one of sale, as alleged in the counterclaim, but was one of mortgage by absolute deed, and for a different and much smaller amount than the consideration alleged in the counterclaim. Indeed, after the testimony of the defendant, we do not see that there could be any question as to the nature of the transaction. In relation to the deed which is the subject of the counterclaim, the defendant testified: "At that date Gascoigne called on me in regard to securing a loan of $1,000 for some particular business which he wanted to enter into. . . . He said that he wanted to borrow the $1,000 and that

the only credit he could give me, or the only property that he owned at that time that he could turn over to me would be a deed of a piece of property at Riverside, and I gave him the money and he gave me the deeds. Q. Just a moment. Was anything said by you or by him in respect to or in regard to any other sums of money which you had given him? A. Well, he said he would gradually pay those off. Q. What did you say to him about those sums and what did he say to you? A. Well, he simply said he would straighten up his account as soon as he could, and wanted to know if he could borrow this money. I said yes, I would loan it to him. . . . Q. Well, as a record of that transaction did he give you a deed? A. He did. . . . He said, 'Now, I will give you this deed, but don't record it.' I said, all right. . . . I didn't record it. . . . I simply put it in the safe and forgot about it, . . . and it remained there until about the time of the beginning of this action." Here it is to be observed that the talk was about a loan, about the paying off of a loan, and, finally, that he would loan the $1,000, which is the $1,000 described in the finding. There is no error in the finding.

The defendant also appeals because, after having found that the transaction was a mortgage and that $300 of the loan remained unpaid, the court did not render judgment for this $300 as damages under the counterclaim. An inspection of the counterclaim, summarized in the statement of the case, for the purpose of answering this claim, shows that no issue was tendered by the counterclaim, the answer to which by any possibility could be the recovery of a balance of indebtedness. The defendant was claiming that there was no indebtedness whatever, that it had been converted into consideration for the deed of the land, and that the action was for the "recovery of the property and the value thereof and the profits to be derived therefrom,"

as stated in the counterclaim. The theory of the case is that the debt has been discharged and under it whatever can be recovered is to be recovered not as a debt or a balance of account, but as a damage to property which was deeded to the defendant and accepted by him as payment of the debt, such damage to be determined by the difference between the value of the land at the time it was sold, which appears to have been about $9,000, and a mortgage of $5,000, which appeared to be assumed in the deed. This was the defendant's claim in the trial court to the end, and the defendant's draft-finding and his claims as stated therein show this conclusively. The finding of the court shows that defendant had filed a second counterclaim for the balance due from the plaintiff to the defendant upon this debt, which he withdrew at the trial, and, further, that the defendant made no claim at the trial for any balance due on the loan made by him to the plaintiff. The counterclaim presents no possible phase of a mortgage relationship, and such a relationship is repudiated up to the time of the judgment. Manifestly, it would be fatal to the whole theory of the counterclaim to admit that the deed was a mortgage. On the pleadings and issues raised and tried, we think no judgment for a balance of a debt could be rendered, and, further, the question was not raised before the trial court prior to the judgment. Evidently, by withdrawing his counterclaim for balance due, the defendant intended to stake his case solely on a claim for damages for breach of warranty in the deed of sale, under the claim that he had become the owner of the land as between him and the plaintiff, and no claim whatever based upon a mortgage relationship was ever presented to the court.

There is no error.

In this opinion the other judges concurred.