THE HARTFORD-CONNECTICUT TRUST COMPANY, EXECUTOR, *vs.* ALICE E. DEVINE.

First Judicial District, Hartford, January Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A so-called "option" to purchase real estate, which is extended without any consideration, though under seal, is merely a revocable offer to sell, and until accepted confers no contract right or cause of action upon the holder.
In the present case the holder of such an option died without accepting it. *Held* that no right or cause of action survived to his executor.
Parol evidence is always admissible for the purpose of disclosing the real consideration of a deed or other written contract, whether under seal or not.

Argued January 3d—decided February 21st, 1922.

ACTION for the specific performance of an agreement for the sale of real estate, brought to and tried by the Superior Court in Hartford County, *Haines, J.*, on demurrer to the defense alleging want of considera-

tion; demurrer overruled and judgment rendered for the defendant, from which the plaintiff appealed. *No error.*

The agreement sued on is entitled "option." It contains the usual formal recitals of consideration and receipt thereof, followed by an agreement "upon payment by the said Norman M. Loomis of the amount named below, at any time before August 1, 1920," to sell and convey to Loomis by warranty deed an undivided one-half interest in certain described land; with the proviso that Loomis, "if he shall elect to purchase said land in accordance with this option," should pay the agreed price therefor. The writing is dated February 9th, 1920, and is subscribed, sealed and acknowledged by the defendant in the form provided for conveyances of real estate.

The complaint alleges that on July 10th, 1920, Norman M. Loomis died testate; that the plaintiff was appointed executor of his will and duly qualified as such; that the plaintiff, before August 1st, 1920, tendered to the defendant, acting by her daughter and agent, the sum of $1,000 and demanded a deed, and that the defendant refuses to convey the premises as agreed. The relief demanded is (1) specific performance, (2) damages.

To this complaint the defendant pleaded a qualified denial, and a second defense alleging that the option was and is wholly without consideration. The second defense was demurred to on the ground, among others, that the agreement sued on was a sealed instrument and purported to be for a consideration. This demurrer having been overruled, the plaintiff declined to plead further, and judgment was rendered for the defendant.

*Ralph O. Wells,* for the appellant (plaintiff).

*Henry J. Marks* and *Reinhart L. Gideon,* with whom was *Jacob I. Suisman,* for the appellee (defendant).

BEACH, J. At the common law, an option under seal, running for a time stated, was irrevocable, because the seal imported a consideration and because, as DAGGETT, J., once said of a sealed writing: "By the rules of the common law, the consideration would be locked up, and could not be enquired into." *Cook* v. *Bradley,* 7 Conn. 57, 62. It is still true, as a rule of pleading, that in an action on a specialty no consideration need be alleged, and the decisive question before us is whether it is still true that a seal "locks up," under the old theory of estoppel or otherwise, the consideration, so that the truth cannot be enquired into, and so that this second defense of total want of consideration cannot be alleged and proven.

One hundred years ago Swift, in commenting on the rule of the common law, said: "There seems at present to be no good reason for the distinction between writings, that are sealed and that are not sealed. Though anciently, when every man had his seal, by which he could be distinguished, there might be said to be evidence arising from the seal itself, and of course, more deliberation and solemnity in affixing such a seal to a contract, than in entering into a parol agreement, yet at present, the circumstance of putting a seal to a writing, does not increase the evidence, the deliberation, or the solemnity of a contract. But this distinction has been so long recognised, that it continues to be observed; though the reason for introducing it, has long ceased to exist." 1 Swift's Dig. (Ed. 1822) 174.

Since then the courts have freed themselves, at least to a considerable extent, from the restraints formerly imposed by the sanctity of a ceremonial

which has now lost not only its original significance, but its original form (General Statutes, § 5742); and the conclusiveness formerly attached to the seal is now transferred to the writing itself, regarded as the legal act of the promisor and the integration of all antecedent negotiations which the parties intended to have included in the written record.

We are not now concerned with the special application of the parol-evidence rule to written contracts signed by both parties. It is enough to point out that the parol-evidence rule, as applied to deeds poll, has been so far modified that if this writing were a warranty deed of the premises, instead of an offer to execute one, it would not prevent the grantor from contradicting the recitals of the deed as to consideration, and from contradicting the recitals of the *haben-dum* clause, by parol proof that the deed was delivered and accepted merely as security for a loan or for the performance of some collateral obligation by the grantor. The general rule, that a deed absolute in form may, as between the parties, be shown to be a mortgage, is too well-settled to require the citation of authorities.

On the specific point that the recitals as to consideration are not conclusive on the grantor of a deed poll, the case of *Collins* v. *Tillou*, 26 Conn. 368, is interesting. It was there held, against the objection of the defendant, that the grantor of a warranty deed, absolute in form, might contradict the recital that the deed was given for "a valuable consideration in dollars received to my full satisfaction," and might show that it was given upon the grantor's agreement by parol to sell the land and account for the proceeds less a commission.

The modern rule permitting the actual consideration to be enquired into notwithstanding the presence of a

seal, cannot be carried so far as to permit proof of an entire absence of consideration for the purpose of nullifying the effect of the deed as a legal act; that is, of denying its legal effect-as a conveyance of the specified title to the described premises. But neither is that purpose sought to be accomplished by the second defense in this case, because the proof of an entire lack of consideration will not nullify the effect of the writing as an option; it will only modify its quality as being revocable or not, concerning which no promise of the grantor is expressed in the writing itself. And it being certain that the seal no longer locks up the consideration so that it may not be enquired into, we see no difference, so far as the prohibitions of the parol-evidence rule are concerned, between enquiring into the actual consideration for the purpose of converting a deed absolute in form into a conditional deed, and for the purpose of converting an option irrevocable in form into a revocable option.

We are aware that there is some conflict of authority on the precise question whether an option under seal may be shown to have been given without consideration. 13 Corpus Juris, 295, and cases cited. In some of the reported cases the option was contained in a lease, and we have very recently held that such an option, no separate consideration for it being expressed, is a part of the entire mutual contract expressed by the lease and supported by the same considerations.

In this case the option stands by itself as a separate offer, and we see no reason why the rule, that "parol evidence is always admissible for the purpose of disclosing the real consideration of a deed or other written contract," should not apply to an option under seal. *Sherman's Sons Co.* v. *Industrial Mfg. Co.*, 82 Conn. 479, 481, 74 Atl. 773. As was said in *Storch* v. *Duhnke*,

76 Minn. 521, 525, 79 N. W. 533: "If this is true in the case of executory contracts themselves, it must be equally so in the case of mere options, properly so called, on the principle that the greater includes the lesser, and the whole includes all its parts."

These considerations are decisive. The second defense being susceptible of proof, the demurrer admits that the option is wholly without consideration. It was still an option, but being without consideration it was merely a revocable offer to sell, and until accepted conferred on the optionee, who did not accept it in his lifetime, no contract right or cause of action which could survive to his executor.

There is no error.

In this opinion the other judges concurred.