THERESA ONOFRIO ET AL. *vs.* DOMENICO CIRUSUOLO.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued June 12th—decided July 10th, 1929.

*Franklin Coeller,* for the appellant (defendant).

*Robert J. Woodruff* and *John G. Confrey,* for the appellee (plaintiff).

MALTBIE, J. The plaintiffs are husband and wife. The plaintiff Dominick Onofrio and another owned certain premises equipped to be run as a hotel and rooming house. They conveyed them to the plaintiff Theresa Onofrio. The plaintiffs were in arrears for

charges on the property including an instalment on a second mortgage and asked the defendant to lend them some money to pay these charges. He did lend them about $1200 for this purpose. Instead of taking a mortgage the plaintiffs and he agreed that they would make to him an absolute deed, that the plaintiffs, who were then conducting the hotel, would remain in occupancy and were not be to disturbed so long as they paid all charges against the property, consisting of taxes, interest, insurance and instalments due on mortgages and made repairs; but that if the defendant disturbed them in their occupancy they, having paid the charges as they became due, would be reimbursed by him for such sums as they had paid, from the date of the conveyance to him. About August 12th, 1926, the defendant, claiming that he owned the premises and had leased them to the plaintiff Dominick Onofrio and the defendant's brother, brought an action of summary process against them and, by virtue of that action, obtained possession of the property and still retains it, claiming absolute ownership. In fact there never was any such lease. Plaintiffs asked the defendant what he meant by this conduct and he told them he owned the premises and while they objected they did not enter an appearance in the action. He also at this time again told them that he would reimburse them for any money they had paid for the benefit of the property while in their possession. At the time he took possession, the plaintiffs had fully performed their part of the agreement and had paid on account of charges against the property and improvements $1307.66 and no charges were then in arrears except an instalment due upon a third mortgage, the owner of which had granted an extension of time in which to make payment. The trial

court concluded that the plaintiffs were entitled to recover the $1307.66 paid by them.

The defendant seeks to correct and add to the finding in many respects. The printed testimony presents a confused picture, largely because of the inability of the principal witnesses clearly to present the situation as they claimed it to be, and the trial court was compelled to arrive at a conclusion upon a very unsatisfactory basis of evidence. Its finding seems to us to be reasonably sustained by that evidence and none of the additional facts sought to be incorporated can be regarded as admitted or undisputed. We must therefore deal with the case upon the basis of the finding as made by the trial court.

In the original complaint the plaintiffs alleged that the agreement by the defendant to repay expenses incurred on account of the property was one made with the plaintiff Theresa Onofrio alone. The defendant assigns as error a ruling of the trial court admitting evidence of payments made by the plaintiff Dominick Onofrio in the absence of any allegation of agency. The finding fails to present any such ruling for review, as it should have done to make it available before us. But, that aside, at the trial, on suggestion of the court, an amendment to the complaint was filed alleging that the agreement was made by the defendant with both the plaintiffs and this amendment related back to the beginning of the action. *LaBarre* v. *Waterbury,* 69 Conn. 554, 556, 37 Atl. 1068. Any error of the trial court in admitting this evidence as the pleadings then stood would have been thereby obviated. It has found that the agreement was in fact made with both plaintiffs and the fact that the title to the property actually stood in the name of the plaintiff Theresa Onofrio alone does not render that finding in any way erroneous. The agreement was upon a valid considera-

tion. Taken in its entirety, it involves three propositions, a transfer of the title of the land to the defendant, an agreement by him to reconvey it upon payment of the sums advanced by him, and an agreement by him to reimburse the plaintiffs for expenditures made on account of the premises if he disturbed their possession. The first directly concerned the transfer of land and was within the statute of frauds but it was fully performed; the second might be proved by parol, so as to convert an instrument purporting to be an actual deed into a mortgage; *Hartford-Connecticut Trust Co.* v. *Devine,* 97 Conn. 193, 196, 116 Atl. 239; and the third was not in itself within the statute. The only portion of the agreement within the statute having been fully performed, the collateral agreement for reimbursement might be shown by parol. *Fisk's Appeal,* 81 Conn. 433, 439, 71 Atl. 559; 5 Wigmore on Evidence (2d Ed.) § 2454; Browne on the Statute of Frauds (5th Ed.) §§ 117, 117 *a.* The plaintiff Theresa Onofrio was in reality the mortgagor of the premises and the continued occupancy of them by her and her husband was under her right as such and not as tenant of the defendant, who was in reality a mortgagee. *Rockwell* v. *Bradley,* 2 Conn. 1, 5. Though the summary process action, brought against the plaintiff Dominick Onofrio and another, was based upon an alleged lease which did not in fact exist, the service of the notice to quit possession, and the defendant's assertion of ownership and right to possession, justified the plaintiffs in vacating the premises, without contesting the action, and constituted a disturbance of their possession within the meaning of the agreement for repayment to them of sums spent on account of the building. Webster's New International Dictionary defines disturbance, used in a legal sense, as the hindering or disquieting of a person in the lawful and peaceful en-

joyment of his rights. Certainly the assertion of the rights which the defendant claimed in the premises, emphasized by his conduct in bringing a groundless process to secure possession, could not do less than greatly disquiet the plaintiffs in their attempt to occupy and enjoy the premises.

There is no error.

In this opinion the other judges concurred.