PHILOMENA CALAMITA ET AL. *vs.* RALPH DEPONTE ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 12th—decided July 30th, 1936.

*Franklin Coeller,* with whom, on the brief, were *Raymond J. Devlin* and *Louis Philip Hurley, Jr.,* for the appellants (defendants).

*Thomas R. Fitzsimmons,* for the appellees (plaintiffs).

MALTBIE, C. J.   This action is the aftermath of the case of *State* v. *Pashall,* 118 Conn. 645, 174 Atl. 175, in which the State secured judgment against the plaintiffs as sureties upon a bail bond for the appearance of Ralph Mele in court to answer a criminal charge, Mele having made default of appearance.   In this action the plaintiffs alleged in their complaint that the defendants requested them to become sureties upon the bond, promising that if they did so the defendants "would fully indemnify the plaintiffs for the amount of such bond and any expenses in connection therewith to which the plaintiffs were subjected" in event that Mele failed to appear and answer the complaint; that the State had recovered judgment against the plaintiffs upon the bond, for $15,000 damages and costs which they had become obligated to pay; that they had been put to various expenses in defense of the action and in the effort to apprehend Mele; and that at the time the agreement was made the defendants had transferred certain real estate to them as collateral security for the promise

but that the properties were not of sufficient value to indemnify the plaintiffs.

One of the defendants filed a plea in abatement upon the ground that the writ had not been properly served upon her, but as this plea was necessarily determined upon facts not appearing of record, we cannot, in the absence of a finding, review the action of the trial court in overruling it.

One of the principal contentions of the defendants is that, as the plaintiffs had not, when the action was brought, paid to the State the amount due on the bond or suffered any pecuniary loss the action was prematurely brought. As far as concerns the time when a cause of action arises, indemnity agreements fall broadly into two classes, those where the contract is to indemnify against liability and those where it is to indemnify against loss; in the first, the cause of action arises as soon as liability is incurred, but in the second it does not arise until the promisee has actually incurred a loss. *Morehouse* v. *Employers' Liability Assurance Corporation,* 119 Conn. 416, 425, 177 Atl. 568; 5 Elliott, Contracts, § 4011; 31 C. J. pp. 438, 439, §§ 33, 35. Agreements to indemnify against loss were before us in *Brentnal* v. *Helms,* 1 Root, 291; *Monson* v. *Lawrence,* 27 Conn. 579, 585, and *Wolthausen* v. *Trimpert,* 93 Conn. 260, 105 Atl. 687; and in all of these it was held that a cause of action did not arise until the promisee had suffered loss. The plaintiffs rest their claim that the defendants were liable without proof of loss upon the case of *Bridgeport* v. *Aetna Indemnity Co.,* 91 Conn. 197, 99 Atl. 566, and the trial court seems to have regarded our decision in that case as determinative in the case now before us. That case is not, however, in point. The condition of the bond sued upon there was that if the promisor in a contract to which it was collateral fully

performed the terms of that contract and saved the city harmless, then the bond should be of no effect; but the claimant was the obligee in the bond and as between it and the indemnity company the latter was in effect a guarantor of the performance of the contract. The holding in that case that when the contract was broken a cause of action at once arose in behalf of the obligee in the bond, the city, is not determinative in this action, where the sureties on the bond are suing upon an agreement that they would be indemnified by the defendants who were in no way holden to the obligee in the bond, the State.

The defendants first raised their contention by a demurrer to the complaint. This the trial court overruled on the ground that under the allegations of the complaint an agreement might be proved which would fall within the class of cases where indemnity is given against liability, and in that ruling we could not find error. At the trial the court, disregarding the distinction between an agreement to indemnify against liability and one to indemnify against loss, charged the jury that to sustain the action it was not necessary that the plaintiffs had suffered any loss at the time it was brought but it was sufficient if their legal liability had become fixed. This would of course be true if the agreement was one for indemnity against liability; it would not be true, if it was one for indemnity against loss.

In their claims of proof at the trial, the plaintiffs state that they offered evidence to prove that the defendants agreed to quitclaim to them all their right, title and interest in certain real estate to secure them against any loss which might be occasioned if Mele made default of appearance and, further, in case of such default, that the defendants would be liable to them for any costs or expenses which might arise

out of the default. It would be difficult to construe such an agreement as other than one for indemnity against loss and, if so construed, the charge of the trial court would not be sufficient to guide the jury in determining whether the defendants were liable to judgment. We must test the charge by the finding, and whether the evidence was such that the jury might have found an agreement which would be one to indemnify against liability we cannot consider upon the appeal from the judgment. If the evidence left the nature of the agreement in doubt, the trial court should have given appropriate instructions to enable the jury to determine the defendants' liability in this action according to the terms of the agreement they might find to have been made. *Mills* v. *Roto Co.*, 104 Conn. 645, 648, 113 Atl. 913.

It is true that the defendants appealed also from the denial of a motion to set the verdict aside, and the evidence is brought before us on that appeal, but they have not pressed that appeal before us and if they had and we had found that the evidence would not reasonably support a conclusion that the agreement was one against liability, we could only direct that the motion to set the verdict aside be granted. This would result in a direction for a new trial, the same judgment which follows from the error we find in the charge. We therefore do not consider the appeal from the denial of the motion.

In view of the fact that a new trial is necessary, we briefly consider the defendants' other claims of error. Mele was, as far as the record shows, no party to the transaction resulting in the plaintiffs becoming sureties upon the bond, but the defendants entered into the agreement upon their own responsibility. Nothing suggests that the possibility of Mele making good any loss which might come to the plaintiffs was

at all in the contemplation of the parties. The only reasonable conclusion is that the plaintiffs assumed the obligation of the bond solely in reliance upon the agreement of the defendants to indemnify them. Under these circumstances the agreement was an original undertaking by the defendants and was not within the provision of the statute of frauds requiring an agreement to answer for the debt or default of another to be in writing. *Reed* v. *Holcomb,* 31 Conn. 360; *Smith* v. *Delaney,* 64 Conn. 264, 29 Atl. 496; *McCormick* v. *Boylan,* 83 Conn. 686, 78 Atl. 335.

While the parties were in dispute as to the extent of the obligation which the defendants assumed, there seems to be no question that the conveyances by them to the plaintiffs, referred to in the complaint, were made as collateral security for the performance of that obligation. That being so, the plaintiffs had a right to sue upon the agreement in disregard of any right they might have to avail themselves of the security. *Pothier* v. *Reid Air Spring Co.,* 103 Conn. 380, 387, 130 Atl. 383; *Barnes* v. *Upham,* 95 Conn. 585, 586, 111 Atl. 842. While the complaint as originally drawn apparently sought a recovery of the difference between the value of the property conveyed and the amount necessary to indemnify the plaintiffs, an amendment to it set forth they were holding the property merely as security and were ready and willing to reconvey it when they were indemnified. There was then no issue in the case which required that the value of the property be considered in determining the plaintiffs' damages. The deeds of the property were subject to qualification by parol evidence that they were given merely as security and, if that was so, in equity they would be treated as mortgages. *Onofrio* v. *Cirusuolo,* 109 Conn. 521, 525, 147 Atl. 36; *Andrews* v. *New Britain National Bank,* 113 Conn. 467, 475,

155 Atl. 838. Upon satisfaction of the obligation secured, the defendants would be entitled to a reconveyance of the land. General Statutes, § 5027; *Barnes* v. *Upham,* supra.

Subsequent to the giving of the bond, Mele was charged with another crime and presented in court, but was released upon the strength of the bond already given. The defendants claimed to have proved that the plaintiffs were in court when he was so presented and acquiesced in his being permitted to go at large, and contend that as this imposed an additional hazard under the bond in that he was less likely to appear thereafter, they were released from the obligation of their agreement. The plaintiffs claimed to have proven that they were not present in court when Mele was released under the second charge. The trial court charged the jury that, even if the plaintiffs were present in court and failed to surrender Mele to answer to the charge for which the bond was given, this would not in itself be a defense to the action. The only possible basis for a defense of this nature would be that the plaintiffs failed to use reasonable precautions to save the defendants from loss. *Wolthausen* v. *Trimpert,* supra, p. 269. The mere failure of the plaintiffs to surrender Mele would not, as the defendants claim, release them from their obligation.

If the plaintiffs prevailed upon the issue of liability they were entitled to recover not only the sum actually agreed to be paid upon the bond but such reasonable expenses as they incurred in attempting to avoid liability or minimize the amount they must pay, whether those expenses were incurred in contesting the action brought by the State, or in attempting to secure the apprehension of Mele, in so far as they acted as a reasonably prudent person would in the effort to accomplish those purposes. *Curtis* v. *Banker,* 136 Mass.

355, 359; *Keesling* v. *Frazier*, 119 Ind. 185, 187, 21 N. E. 552; *Davis* v. *Smith*, 79 Me. 351, 362, 10 Atl. 55; 31 C. J. 436; and Cf. *Beckley* v. *Munson*, 22 Conn. 299, 315.

The other claims of error so lack foundation as not to justify discussion.

There is error, the judgment is set aside and a new trial is ordered.

No costs will be taxed to the defendants for printing evidence in support of the appeal from the denial of the motion to set the verdict aside.

In this opinion the other judges concurred.