Jean C. Provenzano v. Anthony S. Provenzano et al.

SUPERIOR COURT       FAIRFIELD COUNTY       FILE NO. 76425

Memorandum filed July 21, 1949

*Daniel J. Cremin,* of Bridgeport, for the Plaintiff.

*Greenstein & Simons* and *Gregory Willis,* of Bridgeport, for the Defendants.

ALCORN, J. The complaint is in three counts, the first two of which are abandoned. Under the third count the plaintiff seeks to impose a resulting trust upon realty standing in the name of her husband's brother.

The conflicting, and many times confusing, evidence discloses at the basis of the action a domestic rupture in which the defendant husband's parents and his defendant brother have rallied to his support. The defense offered by this alliance is more ingenious than credible. The defendant brother is shown to be a student without financial resources except such small amounts as he earned as a musician at a night club. The parents have their own home which they have occupied many years. The defendant husband is a ladies' garment presser by occupation with no building knowledge except that acquired by a short exposure to trade school instruction. The defense is that the brother, having received conveyance of two adjoining lots, wished to build a house on them in which he could live with and take care of his mother, the mother furnished all the money

for the construction beyond the proceeds of a bank mortgage, and the defendant husband was the "general contractor" to carry out the construction. The defendant husband's many statements that the house was his own, the large number of construction bills rendered in his name, his signature with his brother on the bank note and mortgage to further the construction, and building disbursements from a checking account in his own name which allegedy contained the funds advanced by the mother are explained by the supposedly all-sufficient reason that he was the "general contractor" for his brother.

Briefly summarized, the facts established are that the plaintiff and her husband were married on June 24, 1939. They are now living apart. Both worked regularly all during their married life with the exception of a few months when the plaintiff was incapacitated by illness. The plaintiff earned from $24 to $30 per week and the defendant earned an average of $60 per week which they treated as "our money." In 1943 they separated for three months and then became reconciled. In 1944 they sold a house jointly owned and divided the net profit equally, each taking $2500. With her share, the plaintiff bought a gift shop which she operated for some fifteen months and then sold it for $2800. In the interim she drew small weekly earnings from the shop until taken ill.

In August, 1945, she and her husband bought a building lot in Trumbull for $750. How much the plaintiff contributed is not shown. Her husband persuaded her to join in conveying it to his brother, the defendant Joseph Provenzano, and a warranty deed in the usual form was given accordingly on March 26, 1946. The complaint alleges this to have been without consideration but the deed recites a valuable consideration and oral evidence that none was given is not permissible for the purpose of nullifying the deed as a legal act. *Hartford-Connecticut Trust Co.* v. *Devine,* 97 Conn. 193, 196-197.

A boundary line difficulty arose and, to cure it, the adjoining lot was purchased for $450, the plaintiff and her husband supplying the purchase price and the latter's brother Joseph taking title. It is impossible to determine from the evidence the amount of the plaintiff's contribution to this payment.

In April, 1946, the plaintiff and her husband selected plans, and the construction of a two-story, one-family house was begun. The plaintiff and her husband had been living with his parents, and they intended to use the new house as a home when it

was finished. The husband spent his entire time in its construction and the plaintiff did miscellaneous jobs in connection with it after her day's work at a factory had ended. In May, 1947, the husband, with his brother Joseph as the record owner, negotiated a $5000 bank mortgage and note, the proceeds of which were used in the construction. The plaintiff has since paid an interest instalment on this mortgage. The defendant Joseph Provenzano has contributed nothing to the construction except to incur this liability.

The plaintiff contributed $2500 in cash to the construction of the house, which was finally completed on the land standing in Joseph's name about July, 1947. Early in the year 1947 the plaintiff and her husband again separated, but again became reconciled after a few months. When the house was completed the plaintiff and her husband occupied it as a home for two and one-half months and then separated again. From this separation they have not been reconciled.

When the final separation was imminent the plaintiff's husband both told and wrote her that he would put the property up for sale and after the sale he "would square things out" with her.

When they had separated in 1943 a division of their financial affairs had been made and the evidence as to events thereafter does not establish a joint adventure under the doctrine of *Dolan* v. *Dolan,* 107 Conn. 342. For this and other reasons already indicated, the plaintiff's share in the purchase of the lots cannot be declared. The evidence is that the house cost about $15,000. The lots on which it stands cost $1200. The parties do not appear to be in issue as to these figures, which indicate a cost, for the whole property, of $16,200. While the plaintiff's contribution was to the construction of the house, any resulting trust thereby arising must in equity take into account the cost of the land of which the house now forms a part.

It is concluded that the plaintiff is entitled to a decree that by her contribution of $2500 to the construction of the house on the land standing of record in the name of Joseph Provenzano as described in the substituted complaint, a resulting trust has arisen in her favor to the extent of a 25/162 interest in that property which the defendant Joseph Provenzano holds as resulting trustee for her. *Fox* v. *Shanley,* 94 Conn. 350.

A decree may enter accordingly.