Town of Fairfield *v.* F. Francis D'Addario

Baldwin, C. J., King, Shea, Alcorn and Comley, Js.

Argued November 7—decided December 19, 1961—reargued March
6, 1962, before Baldwin, C. J., King, Shea and Alcorn, Js.
—amended opinion filed March 16, 1962

*Philip H. Smith,* with whom were *Peter Wilkinson* and, on the brief, *John J. Darcy,* for the appellant (plaintiff).

*Irwin E. Friedman,* with whom was *Arthur Levy, Jr.,* for the appellee (defendant).

BALDWIN, C. J.  The town of Fairfield brought this action against F. Francis D'Addario, doing business as The D'Addario Construction Company, to recover $5750, with interest and attorneys' fees, expended by the town in the settlement of an action for personal injuries brought against it by Edmund Kant.

The material findings of the trial court can be stated in summary as follows: On February 10, 1951, the town entered into a contract with D'Addario to construct a sewerage system.  The contract provided that D'Addario would indemnify the town against loss or damage arising out of any cause connected with the contract, save the town harmless from all claims and liability for any loss, damage or injury sustained by any person by reason of, or in any way arising out of, the contract, and defend any suit brought against the town by reason of, or con-

nected with, the work or materials furnished.[2]  On May 11, 1953, Edmund Kant brought an action against the town to recover for personal injuries allegedly suffered by him on March 21, 1953, because of a defective highway in an area where D'Addario had been working.  *Kant* v. *Fairfield,* Superior Court, Fairfield County, No. 89886.  Kant alleged that the roadway was broken and uneven and contained a deep hole and depression, and also that a manhole cover was elevated above the road surface. A police investigation of the alleged occurrence was completed and a report made to the town counsel on or about May 14, 1953.  This report called attention to D'Addario's operations on the highway and stated that the manhole referred to in Kant's complaint had been constructed by D'Addario.  On June 2, 1953, the town counsel entered an appearance in court in Kant's action.  The town failed to give D'Addario any notice of Kant's claim or of his suit until June 22, 1956, when the town requested that D'Addario assume the defense of Kant's action and hold the town harmless from all liability therefor. On several occasions thereafter, up to February 8, 1957, this request was repeated, but D'Addario refused.  On February 8, 1957, the town stipulated

---

[2] "The Contractor shall pay and make good all losses or damages arising out of any cause connected with the Contract and shall indemnify and save harmless the Municipality from any and all claims and any and all liability or responsibility of every nature and kind for any loss, damage or injury which any person or persons may sustain or suffer by reason of or in anywise arising out of the Contract and shall defend every suit of any nature which may be brought against the Municipality or any of its officers or agents, by reason of, or connected with the work or materials furnished under the Contract and shall pay all costs and expenses of every kind, character, and nature whatsoever, accruing upon or arising out of the Contract."

with Kant that in his action a judgment of $5750 would be entered in his favor.

On these facts, the court concluded that the Kant action arose out of the contract between the town and D'Addario, that D'Addario was prejudiced by reason of the fact that the town did not notify him of the Kant action until three years had elapsed, and that the notice given then was not given within a reasonable time. Judgment was rendered for D'Addario, and the town has appealed.

The crucial questions in the case are (1) whether the town was required, under the terms of the indemnity provision, to give any notice of Kant's action to D'Addario, and (2) whether, if it was, the notice given was timely. As to the time when a cause of action accrues under a contract of indemnity, such contracts can be broadly classified as those which indemnify against liability and those which indemnify against loss. In the former, the cause of action arises as soon as the liability of the indemnitee is incurred; in the latter, the cause of action arises when the indemnitee has actually incurred the loss. *Calamita* v. *DePonte,* 122 Conn. 20, 23, 187 A. 129, and cases cited. The trial court construed the indemnity provision here to be one against liability. That conclusion is not challenged. The construction is a permissible one. Under the terms of the agreement, D'Addario had two obligations: (1) to defend the action, and (2) to pay the damages if any were recovered. This agreement was unlike the usual indemnity agreement in that both of these obligations were undertaken and were inextricably interwoven. The obligation to defend arose when Kant's action was brought.

The agreement contains no specific language requiring the town to give D'Addario notice of any

action brought against it which it might claim arose out of the contract. But the parties could not have contemplated otherwise than that such notice would be given. The construction of the sewerage system was a broad undertaking necessitating the disturbance of highways for which the town was responsible. If the town was to have the full measure of protection which the indemnity provision afforded and D'Addario was to have the opportunity of effectively discharging his part of the obligation, notice to him was indispensable. "Conditions upon which the right to require performance of a contract obligation depends may often be implied where not to do so would defeat the clear intention of the parties and the object of the contract." *Rifkin* v. *Safenovitz*, 131 Conn. 411, 415, 40 A.2d 188; *Leventhal* v. *Stratford*, 121 Conn. 290, 295, 184 A. 587; *Rockwell* v. *New Departure Mfg. Co.*, 102 Conn. 255, 286, 128 A. 302. The circumstances under which the contract was made, as well as all the other provisions of the contract, are determinative factors in ascertaining intent. *Avco Mfg. Corporation* v. *Connelly*, 145 Conn. 161, 169, 140 A.2d 479; *United Aircraft Corporation* v. *O'Connor*, 141 Conn. 530, 538, 107 A.2d 398; *Colonial Discount Co.* v. *Avon Motors, Inc.*, 137 Conn. 196, 200, 75 A.2d 507.

The indemnity provision of this contract contemplated that suits might be brought against the town for highway defects which it could claim were caused by D'Addario. The town would have peculiar knowledge of these suits and therefore was obligated to notify D'Addario of them. It can be fairly implied that the giving of reasonable notice was a condition precedent to D'Addario's duty to defend and indemnify. 3 Williston, Contracts (Rev. Ed.) § 887B. Furthermore, when a party to a con-

tract assumes an express obligation to do certain things—in this case, to defend and indemnify the plaintiff—the law implies a corresponding obligation on the other party to allow him all reasonable opportunity to perform. *Rockwell* v. *New Departure Mfg. Co.,* supra; 3 Williston, op. cit., p. 1956; Restatement, 2 Contracts § 395, comment c. The cooperation required may be, as in the instant case, the giving of timely notice. 3A Corbin, Contracts, p. 386; 3 Williston, op. cit. § 887B.

Kant sued the town on May 11, 1953. The town did not inform D'Addario of the suit until June 22, 1956. He was entitled to employ his own counsel to investigate the facts and prepare his defense. He was not, as the town claims, required to accept a report, made to it three years before, of an investigation by its police department. An independent investigation by D'Addario three years after the occurrence would have been of little, if any, use in the defense against Kant's claims as to either liability or damages. The notice of Kant's action came altogether too late to be called reasonable. That term is a relative one. Its meaning is affected by the circumstances under which it is called into use. *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d 463. The notice was not timely in this case. The court did not err in rendering judgment for D'Addario.

There is no error.

In this opinion the other judges concurred.