[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT (155 and 158)
This is an action by a Hartford Police Officer against a local chapter of United Auto Workers and the regional chapter of the same union. The amended complaint alleges that the defendants represented workers striking Colt firearms and that on, or about, April 1, 1986 plaintiff was injured at a rally of strikers organized, orchestrated and arranged by defendants. Specifically it is claimed that plaintiff was injured when struck by a projectile thrown by Jose A. Resto, a participant in the rally who is not a party to this action.
The original complaint contained an allegation that the writ and complaint were issued pursuant to Conn. Gen. Stat. 52-492. Although this assertion was not included in the amended complaint, the parties have treated it as still being pleaded. The court will adhere to that position.
The pleadings having been closed, defendants have moved for summary judgment. By their motions, both defendants claim that CT Page 1335 plaintiff cannot recover because of the provisions of Conn. Gen. Stat. 31-114. The defendant local also claims that the fifth and sixth counts which set forth claims of negligent, reckless, willful and wanton conduct are barred by the provisions of Conn. Gen. Stat. 52-584. In its motion defendant region makes the same claim with respect to the second and third counts which contain similar allegations of negligent, reckless, willful and wanton conduct. As stated below, the motions must be granted.
All parties have briefed their respective positions and submitted affidavits and counter affidavits as required by the rules.
On motions for summary judgment, the rules require that judgment be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book 384.
 I.
The statute of limitation problem has been addressed by the parties and the underlying facts are not greatly in dispute. It is agreed that Conn. Gen. Stat. 52-584 is the applicable statute and that this statute limits the bringing of an action based upon negligent, reckless, wilfull and wanton conduct to a period of two years from the injury on April 1, 1986.
Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action commenced. Shuster v. Buckley, 5 Conn. App. 473, 477.
The affidavits and other matters before the court, considered in the light most favorable to plaintiff indicate that on, or about, March 2, 1988 plaintiff's prior attorney sent a writ and summons to deputy sheriff James Noonan for service in connection with the institution of this action.
The two year period within which the action could be brought expired on April 1, 1988.
On or about May 17, 1988 the attorney contacted the sheriff and inquired about the writ. The sheriff informed the attorney that he had not received the papers in the mail. On learning this the attorney caused a new writ and complaint to be prepared. This instrument dated May 17, 1988 with a return date of June 21, 1988 was served on the defendants on May 20, 1988. CT Page 1336
The complaint contained the following paragraph:
 "On March 2, 1988 the foregoing complaint was delivered to Sheriff James Noonan for service of process upon these defendants. This present writ and complaint is issued pursuant to section 52-592 of the Connecticut General Statutes."
Section 52-592, in pertinent part, provides as follows:
 "Sec. 52-592. Accidental failure of suit; allowance of new action. (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whim it was committed . . . may commence a new action. . . ."
There is no question of fact but that the present action was not brought within the two year period limited by 52-584. The question presented is whether or not, under the circumstances of the case, the above quoted language of 52-592 allows plaintiff to institute a new action.
The plain language of 52-592 requires that the original action be commenced within the time limited by law. Although plaintiff argues to the contrary, it is well settled that in Connecticut an action is commenced by the service of the writ upon the defendant. Valley Cable Vision, Inc. v. Public Utilities Commission,175 Conn. 30, 33 (1978); Balboa Ins. Co. v. Zaleski, 12 Conn. App. 529,533 (1987). Notwithstanding the ruling in Rizzo v. Dickshinski, et al, June 6, 1988/14 GTL 22, it cannot be found that mailing of the writ to the sheriff amounted to insufficient service or a commencement of the action.
Since the original action was not commenced within the time limited by law, plaintiff could not utilize 52-592 for the institution of a new action after the two year period limited by 54-584 had expired.
There is no material question of fact and defendants are entitled to judgment as a matter of law on the counts indicated.
 II.
Defendants also claim that Conn. Gen. Stat. 31-114 precludes plaintiff from recovering and that there is no material question of fact on this point. CT Page 1337
Section 31-114 which limits the liability of labor associations or organizations, such as defendants here, provides as follows:
 "Sec. 31-114. Responsibility for unlawful acts. No officer or member of any association or organization, and no association or organization participating or interested in a labor dispute, shall be held responsible or liable in any court for the unlawful acts of individual officers, members or agents, except upon proof of actual participation in, or actual authorization of, such acts, or ratification of such acts after actual knowledge thereof."
There does not appear to be any question but that at the time of plaintiff's claimed injuries a labor dispute was in progress. This being the case, plaintiff's substantive rights against the defendant labor organizations are determined by 31-114. Benoit v. Amalgamated Local 299, 150 Conn. 266, 273 (1963).
Section 31-114 places stringent limits on a trial court before a finding of vicarious responsibility would be justified. Before a labor organization can be held responsible or liable for the unlawful acts of agents, there must be proof of actual participation in or actual authorization of such acts, or ratification of such acts after actual knowledge thereof. The parameters of what constitute actual participation, authorization or ratification have been discussed at length in a number of cases. These cases adopt the view espoused by the United States Supreme Court in United Brotherhood of Carpenters Joiners of America v. United States,330 U.S. 395, 403, (1947) that responsibility for unlawful activity must be established by clear proof. Federal Courts applying the counterpart to our statute have said that the statutory requirement of clear proof lies somewhere between the traditional burden of reasonable doubt and preponderance of the evidence. These cases also adopt the view that more than a showing of common law agency is required in order to establish that an officer of the union actually participated in authorized or ratified unlawful activity. The statute requires proof by the plaintiff that the acts complained of were either expressly authorized by the organization to be charged or were such that they flowed from the authorization. When we come to the element of participation, it has been concluded that if representatives of the organization to be charged are proven to have actually taken part in the illegal acts complained of, then the organization can be held liable for those acts depending on the number and status of the persons participating and the extent of the organization's knowledge of and power to control their action. Emhart Industries, Inc. v. Amalgamated Local Union 376, U.A.W., 190 Conn. 371, 397-399 (1983).
At the outset it should be noted that the requirement that CT Page 1338 liability be proven by clear evidence is not an issue here. This involves the burden of proof. The issue now before the court is not whether plaintiff can sustain his burden of proof and demonstrate the material facts supporting liability to the satisfaction of the jury but whether or not material facts exist.
In support of their motions, defendants have presented affidavits and other proof.
A portion of plaintiff's deposition which demonstrates that at the time of the injury he was struck by a rock thrown by an hispanic male was submitted. Another portion of his deposition states that he recognized at least one union officer but that he did not recall any union official encouraging or attempting to stop what was going on. He states that he did not observe union officers directing or supervising what was going on or approving or disapproving of Resto's actions.
The excerpts from deposition of Jose A. Resto was also submitted. This document indicates that he was at the rally. He had been a union member while employed at Roytype until he was laid off in 1985. At the time of the rally, he was not a union member or Colt union representative. He states that he saw no one from the union encouraging people to throw rocks or objects at police officers. He further states that he did not know anyone there and that he went on his own after talking to a friend.
The affidavit of Roberr Madore, who at the time of the incident was secretary-treasurer of the local, states that his records show that Resto ceased to be a union member after January 1986 and that Resto was not a member on April 1, 1986. Madore further states that he was present at the strike on that date and was personally familiar with the events that transpired that day. He states that he did not authorize the throwing of rocks, asphalt or other projectiles by any person nor did he participate in such activity or subsequently endorse or assent to any such activity. Upon his informed belief, no officer of the local engaged in any such activity.
Richard Cardinal's affidavit states that he was assistant director of the region. Although he does not state he was present at the strike on April 1, 1986 his affidavit contains the same exculpatory information for the region as Madare's affidavit does for the local.
The proof submitted by defendants, standing on its own, shows no actual participation in or authorization of acts which resulted in plaintiff's injuries or ratification of such acts after actual knowledge thereof or that the acts flowed from any such authorization. CT Page 1339
Under the rules, it is incumbent on plaintiff, when presented with proof such as submitted by defendants, to file counter affidavits in support of his position. In reviewing the proof submitted, it is not the function of the court to decide issues of fact which may be raised by the documents submitted but to determine whether a material question of fact exists. Telesco v. Telesco,187 Conn. 715, 718 (1982). For the purposes of the motions, a material fact is one which will make a difference in the result of the case. Catz v. Rubenstein, 201 Conn. 39, 48 (1986).
In support of his position on the 31-114 issue, plaintiff submitted an excerpt from the deposition of Jose Resto. This document confirms that Resto was not a member of the U.A.W. on April 1, 1986 but that in his previous employment he had not only been a member of local 376 but an elected shop steward, the top union officer. He also stated that on the date in question he knew Mr. Wheeler, a friend with whom he had served in the army and president of the local, who was often present at the Colt strike. From this information, it could also be inferred that Resto had been present at the Colt strike on more than one occasion.
From the information contained in the deposition submitted by plaintiff and all other matters properly before the court, resolving all ambiguities in favor of plaintiff and considering such proof in the light most favorable to plaintiff, it could not be found that there is any evidence which would support the conclusions necessary to impose liability on these defendants.
From the facts before the court, proof of actual participation in or actual authorization of the tortious acts or ratification of such acts after actual knowledge, could be based only upon speculation. A conclusion that Resto's act flowed from any such authorization would also have to be based on speculation. There is nothing which would support a conclusion that any persons of authority in either of defendants' labor organizations participated in or authorized the act by inaction.
Plaintiff appears to recognize the infirmity in his position but seeks to remedy it by statement in his memoranda of law to the effect that he intends to prove at trial certain facts which would allow a jury to find liability. This, however, is not enough. Mere assertions of fact, whether contained in a complaint or a brief are insufficient to establish the existence of a material fact and therefore cannot refute evidence properly presented to the court under, Conn. Prac. Bk. 380. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12 (1983). Where a party, on motion for summary judgment fails to set forth specific facts showing that there is a genuine issue for trial the court is entitled to rely upon facts stated in the affidavit of the movant. Id. 11. CT Page 1340
From the pleadings, affidavits and other proof submitted, it is found that no genuine issue as to any material fact exists and both defendants are entitled to judgment as a matter of law under the provisions of Conn. Prac. Bk. 384.
Accordingly, the motions for summary judgment are granted.
PURTILL, J.