[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, an employee of St. Mary's Hospital (hereinafter "Hospital"), seeks damages against Philips Medical Systems (hereinafter "Philips"), the manufacturer of X-ray equipment, claiming a part of the X-ray apparatus fell on her, causing injuries. The Hospital filed an intervening complaint seeking reimbursement for workers compensation benefits. The defendant, Philips, filed an answer, special defense, and counterclaim to the intervening complaint. In the counterclaim, Philips alleged that there existed an indemnification agreement between it and the hospital and claims indemnification for any judgment rendered against it (Philips). In response to this counterclaim, the Hospital has raised as a special defense that the indemnification agreement is barred by the Statute of Limitations. The defendant, Philips, has filed this Motion to Strike (#149) directed at this special defense. The issue here is whether the indemnification agreement alleged by Philips should be shielded from an attack of a Statute of Limitations defense as a matter of law.
The defendant, Philips, argues in support of its Motion to Strike that its contract of indemnity was one indemnifying it against liability and since it became "liable" at the commencement of this lawsuit, August 17, 1990, its claim of indemnification was well within the Statute of Limitations. The question is both what were the terms of the indemnification agreement and when did the defendant, Philips, become "liable".
There are two kinds of indemnity agreements. "[S]uch contracts can be broadly classified as those which indemnify against liability and those which indemnify against loss." "In the former, the cause of action arises as soon as the liability of the indemnitee is incurred; in the later, the cause of action arises CT Page 5191 when the indemnitee has actually incurred the loss." Fairfield v. D'Addario, 149 Conn. 358, 361 (1962). In the instant matter, it is unclear what type of indemnification agreement the defendant, Philips, has alleged. If, in fact, it was an oral indemnification agreement against liability, the date at which the defendant became "liable" would be the date of the alleged injury, August 22, 1988, and not the date the defendant was served with process. If the indemnification agreement was against loss, then the defendant has not incurred any liability yet. Assuming the agreement alleged by the defendant, Philips, was an oral agreement indemnifying against "liability", then the Statute of Limitations defense may lie since "liability" occurred at the date of the alleged injury. "[I]f facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Co.,179 Conn. 541, 543 (1980). The court will, therefore, deny the defendant, Philips', Motion to Strike.
/s/ Pellegrino, J. PELLEGRINO