[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN JUDGMENT
The plaintiffs own a parcel of land which abuts land owned by the defendant known as "Old Mountain Village." The latter parcel was owned by GTT Realty Corporation and was allegedly discharging storm and surface waters over, under, and across the plaintiffs' land during GTT's and the defendant's ownership of the land.
When the defendant bought Old Mountain Village in CT Page 5259 April of 1993 it knew of this adverse use, as GTT agreed to indemnify the defendant for losses as a result of the plaintiffs' claim.
The plaintiffs brought this suit in May 1993 against the plaintiffs for trespass and nuisance and seeking and injunction and damages.
Prior to any hearing on the temporary injunction the parties agreed to stipulate a judgment in favor of the plaintiffs for $175,000; the date of the stipulation for judgment was September 20, 1993.
The plaintiffs maintain that the defendant has not lived up to or satisfied its obligations under the agreement and have filed a judgment lien on the plaintiffs' land. The defendant has moved to reopen the judgment claiming it has a right to do so under the terms of the agreement.
The resolution of this dispute turns on the interpretation of the language of two paragraphs on the second page of the settlement agreement.
2. The parties recognize that the Defendant is the obligee of an indemnification agreement in which GTT Realty Corporation is the obligor. The subject of the indemnification is the basis of the above-referenced lawsuit. Plaintiff and Defendant agree to use their best efforts to satisfy the stipulated judgment from the Defendant's indemnitor, GTT Realty Corporation. In light of the Defendant's cooperation and use of best efforts to so satisfy the judgment, Plaintiff agrees to refrain from enforcing the judgment against Defendant, until GTT's liability is established.
3. If the said GTT Realty Corporation is finally adjudged not to be liable under its indemnity agreement Plaintiff may look to Defendant for satisfaction. In that case, the parties agree that Defendant may file a motion to open the stipulated judgment in order to submit a defense to Plaintiff's action. Plaintiff hereby waives the right to object to the opening of the judgment, pursuant to Practice Book section 3265. CT Page 5260
First let it be said that although the settlement agreement was drawn up by the plaintiffs, the defendant had an opportunity to examine it with counsel. We are not dealing here with unsophisticated parties on either side; both appear to be business people capable of recognizing their interests.
The defendant would have the court read the paragraphs together and concentrate on the language of paragraph 3. The defendant complains a judgment lien was filed despite an agreement not to look to the defendant to satisfy judgment until as paragraph 3 says the liability of the indemnitor is "finally adjudicated."
But the court cannot regard paragraph two and its language as mere ancillary verbiage. That paragraph in its last sentence explicitly states
 "In light of the defendant's cooperation and use of its best efforts to satisfy the judgment, plaintiff agrees to refrain from enforcing the judgment against defendant until GTT's liability established." (Emphasis added)
The agreement between the parties encompasses two separate understandings, (1) if the defendant cooperates to satisfy the judgment from GTT the plaintiff agrees to hold off acting on the judgment until the suit against GTT is resolved, and (2) if GTT is not liable under the indemnity agreement the defendants can open the judgment and defend against the plaintiff's action.
The last two sentences of paragraph 2 seem to contemplate both sides using their best efforts to satisfy the stipulated judgment from the indemnitor. And in light of that plaintiff agrees to refrain from enforcing the judgment. If the defendant doesn't use its best efforts prior to the resolution of any claim against GTT, the plaintiffs can enforce the judgment. If this is not the interpretation of paragraph 2 and if the obligations of paragraphs 2 and 3 are not to be read separately what could the meaning of the last phrase "until GTT's liability is established." Clearly the agreement contemplates a need to cooperate fully with the plaintiffs against GTT before the question of any judgment against GTT is finally resolved. CT Page 5261
The cooperation extended by the defendant in this matter is practically non-existent. After the stipulated judgment there was an oral communication by prior counsel for the defendant with counsel for GTT but no written demand — hardly reasonable notice. Fairfield v. D'Addario,149 Conn. 358 (1962), also see 41 Am.Jur.2d, Indemnity
§ 40, page 730.
As to who should bring suit the general rule is stated at page 731 in section 41 of the same Am.Jur.2d article:
 "As a general rule, the only party entitled to sue on a contract of indemnity is the indemnitee or someone in his [sic] right; one not a party to a contract of indemnity and for whose benefit it was not made cannot maintain an action thereon against the indemnitor. Thus, a third person although he may have an interest in the subject matter of the indemnity and have a right of action against the indemnitee, is not entitled to sue on the indemnity contract in his own name, not being a party thereto."
Also see Foster v. Atwater, 42 Conn. 244, 253 (1975). Parties to a contract should be presumed to make and sign them pursuant to the operative law in their jurisdictions. The plaintiffs couldn't have sued GTT under the indemnity agreement and query the propriety of or the common sense of the plaintiffs counsel bringing suit in the defendant's name and prosecuting it. If that suit were to be unsuccessful and the defendant could re-open the stipulated judgment as the agreement provides, the complications created by that type of arrangement would result in a myriad of practical and perhaps ethical problems.
In reaching its decision the court has relied on the wording of the agreement itself and has not relied on the letters and evidence of phone calls back and forth and mailed pleadings and purported understandings or lack thereof as to affidavits filed on the land records since once a dispute over the terms of this agreement became apparent these communications were obviously and understandably self-serving. CT Page 5262
The plaintiffs' argument that the defendant is procedurally precluded from filing this motion, however, is only correct if the defendant's interpretation of the agreement is incorrect. The court rejects that interpretation but is not doing so on purely procedural grounds.
Corradino, J.