[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CROSSCLAIM OF BOB'S DISCOUNT FURNITURE, INC. v. E.R. FURNITURE DELIVERY CORPORATION
This action for personal injuries was commenced by writ returnable on April 4, 1995 by Anthony S. Sampieri, Jr. against Bob's Discount Furniture, Inc., E.R. Furniture Delivery Corporation and Mark A. Necio and Loraine B. Necio. This complaint and subsequent amended complaints were in several counts. The first count complained of negligence against Bob's Discount Furniture, Inc. alleging negligence by his agent servant or employee acting within the scope of his employment in causing plaintiff's injuries. Count two against E.R. Furniture Delivery Corporation alleges negligence by E.R.'s employees acting within CT Page 994 the scope of their employment. Count three alleged negligence against Bob's Discount Furniture in that Bob's failed to adequately train delivery people or supervise and control delivery people or properly equip them or provide a sufficient number and failed to determine the needs of delivery people by adequately investigating or inspecting means of access or egress so that the job could be safely done and failed to obtain and transmit information to delivery people so that the delivery could properly be made and failed to adequately investigate, evaluate or otherwise verify the experience, training, education, supervision, qualifications or competence of the company, (E.R. Furniture Delivery Corporation) and its employees which it chose, utilized and selected and employed to deliver furniture to its customers including and especially the plaintiff.
Count four against E.R. Furniture Delivery Corporation alleged most of the same specifications of negligence but the final one was that defendant "failed to choose, utilize, select and employ workmen who are capable of understanding, learning and or performing the task of moving furniture in a safe, professional and workmanlike manner."
The fifth count was against Mark A. Necio and Loraine B. Necio, landlords of plaintiff for failing to maintain a safe exterior porch railing.
Bob's Discount Furniture, Inc. filed a cross claim against E.R. Furniture Delivery Corp. in several counts. The first count alleges that the contract wherein E.R. Furniture Delivery was employed to deliver for Bob's contained indemnification provisions whereby Bob's claimed that E.R. Furniture Delivery was to indemnify and hold harmless and defend Bob's from lawsuits brought against Bob's arising out of E.R.'s performance of the contract's terms. The second count alleged breach of contractual obligation to indemnify, hold harmless and defend Bob's and therefore Bob's incurred court costs, litigation expenses and attorney's fees.
The third count also alleged breach of contract claiming a failure under Article 6 of the contract between co-defendants of E.R. Furniture Delivery to add Bob's to its insurance policy as a co-insured upon execution of the contract.
Defendant, E.R. Furniture Delivery answered defendant Bob's Discount Furniture, Inc.'s cross claim and filed special defenses CT Page 995 thereto, the first claiming that Bob's Discount Furniture had incurred no costs for legal fees or expenses as it was defended through its insurance carrier and the second special defense that E.R. Furniture Delivery has acquired the liability coverage required under the contract.
The case was bifurcated for purposes of trial and the negligence issues were first tried to the jury with the cross claim between defendant's tried later to the court.
At trial the jury brought in a verdict for defendants Necio and a verdict of $135,000 for plaintiff against Bob's Discount Furniture representing 30% of total damages and $315,000 against E.R. Furniture Delivery, Inc. representing 70% of total damages. The jury found no comparative negligence on the part of the plaintiff.
The jury also answered numerous interrogatories submitted to them. The relevant interrogatories and responses are as follows:
1. Was the defendant E.R. Furniture Delivery Corporation negligent in any one or more of the respects claimed by the plaintiff regarding E.R. Furniture Delivery Corporation's delivery of furniture to plaintiff?
___X__ Yes ______ No
2. If the answer is yes, was this negligence a proximate cause of plaintiff's injuries?
___X__ Yes ______ No
3. Would plaintiff have fallen from the porch if defendant E.R. furniture Delivery Corporation had not been negligent?
______ Yes ___X__ No
4. Was the defendant E.R. Furniture Delivery Corporation an agent of defendant Bob's Discount Furniture, Inc.?
___X__ Yes ______ No
5. Was the defendant E.R. Furniture Delivery Corporation negligent in any one or more respects claimed by the plaintiff in E.R. Furniture Delivery Corporation's hiring of the employees who CT Page 996 delivered the furniture to plaintiff?
___X__ Yes ______ No
6. If the answer is yes, was the negligence a proximate cause of plaintiff's injuries?
___X__ Yes ______ No
7. Was the defendant Bob's Discount Furniture, Inc. negligent in any one or more respects claimed by plaintiff in Bob's Discount furniture, Inc.'s hiring of E.R. Furniture Delivery Corporation?
___X__ Yes ______ No
8. If the answer is yes, was the negligence a proximate cause of plaintiff's injuries?
___X__ Yes ______ No
The relevant provision of the contract between Bob's Discount Furniture, Inc. and E.R. Furniture Delivery Corporation upon which Bob's relies is paragraph 16 and it reads as follows:
16. Indemnity.
 E.R. Furniture Delivery shall defend, indemnify and save harmless Bob's and its officers, directors, shareholders, employees and agents against any and all claims and liabilities and all expenses, including legal fees, costs, and expenses, relating to or arising out of E.R. Furniture Delivery's responsibilities hereunder.
(Emphasis added.) In the event any claim is asserted under this paragraph, E.R. Furniture Delivery will within 7 days time post a bond or cash reserves into counsel for Bob's escrow account, in an amount reasonably related to the potential amount due under the claim. Additionally, if any legal fees, costs and expenses, become incurred therewith, they shall payable [sic] by E.R. Furniture Delivery on a monthly basis within three (3) business days after submission to E.R. Furniture Delivery. . . CT Page 997
The court agrees with the reasoning of Bob's Discount that an actual loss would not have to be sustained before a claim for indemnification were made. "Generally, indemnity agreements fall broadly into two classes, those where the contract is to indemnify against liability and those where it is to indemnify against loss. In the first, the cause of action arises as soon as liability is incurred, but in the second it does not arise until the indemnitee has actually incurred the loss. . . . Where an indemnity agreement, however indemnifies against liability as well as against loss . . . the indemnitee does not have to wait until the loss occurs, but may sue on the agreement as soon as liability is incurred." 24 Leggett Street Limited Partnership v.Beacon Industries, Inc., 239 Conn. 284, 306 (1996).
The contractual obligation arises on mere liability even prior to loss. Balboa Ins. Co. v. Zalenski, 12 Conn. App. 529,535 cert. denied, 206 Conn. 802 (1987). Where a contract provides for indemnification as to liability, damages are not limited to those costs it actually incurred. 24 Leggett Street LimitedPartnership v. Brown Industries, Inc., Ibid.
The above reasoning would apply to a case in which the contractual language was clear. However, in the instant case, the court finds the language concerning indemnification to be somewhat ambiguous in that it provides that E.R. Furniture Delivery shall indemnify Bob's for "claim, liabilities and all expenses . . . relating to or arising out of E.R. Furniture Delivery's responsibilities hereunder."
A contract of indemnity is strictly construed against the party drafting the indemnity provision. 41 Am.Jur.2d Indemnity 313.
The principles applicable to the construction of contracts generally apply fully to the interpretation of indemnity clauses. Contracts of indemnity must be strictly construed. 41 Am.Jur.2d Indemnity § 12.
Here, there was testimony that Bob's Discount's attorneys had prepared the contract and the indemnity provisions and further that the president of E.R. Furniture had not had the contract reviewed by legal counsel.
The indemnification provision applies to liability for E.R. CT Page 998 Furniture Delivery's responsibilities under the contract. In the instant case the jury, by way of interrogatories and verdict, found that defendant Bob's was negligent in hiring defendant E.R. Furniture Delivery and that this negligence was a proximate cause of the injuries to plaintiff to the extent of 30% and that E.R. Furniture Delivery's "responsibilities" were clearly spelled out at 70%. It is illogical to hold E.R. Furniture Delivery responsible for Bob's negligence in hiring E.R. Furniture Delivery.
Further, no request was made to E.R. Furniture Delivery to post a bond or cash reserves with counsel within seven days pursuant to Section 16 of the contract. Notice to a party claimed liable to indemnify is indispensable. Fairfield v. D'Addario,149 Conn. 358, 362 (1962).
At the hearing on indemnification no testimony was elicited concerning attorneys fees, costs or expenses, no legal fees having been paid to date as the action was defended by Bob's insurance carrier.
 Landlord could not recover attorney fees incurred in defending tenant's claim for indemnification for damages awarded to tenant's employees in FELA and negligence action, even if the lease required the tenant to indemnify the landlord for any and all liability, and that included attorney fees, where the landlord's insurer had paid the attorney fees.
(Emphasis added). Schneider v. National R.R. Passenger Corp, 987 F.2d 132 (C.A. 2 Conn.) (1993).
The court enters judgment or indemnification on behalf of E.R. Furniture Delivery.
KULAWIZ, J.