[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT £ 203)
The plaintiff has brought a premises liability action seeking damages resulting from a slip and fall that occurred on the premises of the defendant (hereinafter referred to as "A P"), on or about February 1, 1994. The plaintiff alleges he was delivering the products of his employer, Philip Morris Management Corporation (hereinafter referred to as "Philip Morris") to the A P store when he slipped and tell on an accumulation of ice and snow in a parking lot. The plaintiff has also alleged negligence for his injuries against John Rhodes d/b/a Laurel City Landscaping, the contractor hired to plow the parking lot, and against the Farley Company, the manager of the property on which the parking lot was located. CT Page 4089
The A P has denied liability for the plaintiff's injuries and has asserted Special Defenses that the plaintiff was responsible, at least in part, for his own injuries.
A P subsequently brought an indemnification against Philip Morris alleging that a "Product Liability Indemnity agreement entitled A P to indemnification from Philip Morris for the damages sought in the plaintiff's action. Philip Morris has denied A P's claim. Philip Morris has now moved for Summary Judgment on the grounds that, under the facts of this case and the law that applies to those facts, A P cannot recover from Philip Morris on the basis of the "Indemnity".
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book
§ 17-49. A "material fact" is a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578 (1999).
The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law." D.H.R. Construction Co. v.Donnelly, 180 Conn. 430, 434 (1980). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell,214 Conn. 242, 246-247 (1990). "The trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . The trial court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist." Fleet Bank, N.A. v. Galluzzo,33 Conn. App. 662, 666 (1994).
In this matter, A P has filed a counterclaim against Philip Morris based on contractual indemnity. Connecticut recognizes the validity of indemnification contracts. Fairfield v. D'Addario,149 Conn. 358, 359 (1962). An indemnity agreement will be construed to cover such losses, which appear to have been intended by the parties. Leonard Concrete Pipe Co. v. C.W.Blakeslee Sons, Inc., 178 Conn. 594 (1979). The intention of the parties will be determined by a fair and reasonable construction of the language used, interpreted in light of the CT Page 4090 situation of the parties, the circumstances connected with the transaction, the motives of the parties and the purposes which they sought to accomplish. John F. Epina Realty, Inc. v. SpaceRealty, Inc., 194 Conn. 71, 77-78 (1984). "An analysis of the contract focuses on the intent of the parties as derived from the language employed." Levine v. Advest, Inc., 244, Conn. 732, 745 (1998). The document will be construed as a whole, and all relevant provisions will be considered together and given effect, if possible. Barnard v. Barnard, 214 Conn. 99 (1990). The individual clauses, however, cannot be construed by taking them out of context and giving them an interpretation apart from the contract of which they are a part. Levine, supra at 753.
The language of the "Products Liability Indemnity Agreement" is as follows:
 "In consideration of each and every article which the undersigned, its subsidiaries or operations has sold or will sell to you or your subsidiaries, the undersigned will upon request made within a reasonable time indemnity and hold you and your subsidiaries, divisions and affiliates harmless against all actions proceedings . . . that may in any way arise from a failure to comply with all valid federal, state or local laws, ordinances and regulations, or a breach of warranty, express or implied, as to the quality of our products at the time of delivery to you if such quality does not comply with such laws or is defective through causes arising in the production, packaging, delivery or storage by the undersigned or for tort damages arising out of the negligence or omission by the undersigned or its employees in producing, packing, storing or delivering such products."
The intention of the parties is expressed by the language of this "Indemnity Agreement". The agreement has no application to the subject matter of this lawsuit. The indemnity agreement is intended to apply to products liability claims not to this slip and fall claim. A P is attempting to use the language in the "Continuing Products Liability Indemnity" agreement to support a premises liability claim, such as in this action, is an example of taking language out of context.
Additionally, as the defendant Philip Morris contends, the A P has filed Special Defenses against the claim of the plaintiff, alleging that the plaintiff's negligence contributed to the accident. Should the liability for this accident be CT Page 4091 decided by a jury, the jury will be instructed to deduct from any plaintiff's verdict that portion of damages which it attributes to the plaintiff's own negligence. A P would only be called upon to pay those damages which were caused by its own negligence. They will never be called upon to pay for damages caused by the plaintiff's own negligence.
Accordingly, the motion for summary judgment is granted.
The Court
Arnold, J.