[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
On March 3, 2000, the plaintiff, Margaret L. Crichton, filed a two count complaint against the defendants, John Noore and Elsaid Samy, for damages arising out of an automobile accident. The action was commenced on April 19, 2000, by service of process on the defendants at their usual place of abode. In her complaint, the plaintiff alleges that she was injured in a motor vehicle collision with the defendants on February 10, 1995 at the intersection of Maple Hill and May Street in Naugatuck, Connecticut.
The plaintiff cites General Statutes § 52-592, the accidental failure of suit statute, as the basis for her negligence claim in count one.
The plaintiff cites General Statutes § 52-593, the wrong-named defendant statute, as the basis for her negligence claim in count two.
The plaintiff originally filed a negligence action based on the same motor vehicle collision ("original action") against John Noore, Elsaid CT Page 3986 Samy and Aetna Insurance Company on December 17, 1996, with a return date of January 28, 1997. Aetna Insurance Company was served with a writ, summons and complaint at some time between December 1996 and early January 1997. (Plaintiff's Exhibit A). The original writ, summons and complaint was forwarded to Deputy Sheriff Patricia Randall to be served on the defendants Noore and Samy. (Plaintiff's Exhibits A B). Deputy Sheriff Randall failed to receive the writ, summons and complaint. (Plaintiff's Exhibit A). The defendants received notice that the plaintiff was seeking compensation for her injuries on or about February 22, 1995 and September 18, 1995. (Plaintiff's Exhibits C D).
The original action was dismissed by this court on January 18, 2000, on the basis of lack of subject matter jurisdiction, lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process.
On September 28, 2000, the defendants filed the present motion for summary judgment on the ground that there are no genuine issues of material fact that the plaintiff's claim is time barred. In support of their motion, the defendants filed a memorandum of law and an affidavit of defendant John Noore. The plaintiff timely filed an objection to the defendants' motion for summary judgment along with an affidavit of Charles J. Fisher, Jr., a Deputy Sheriff for Hartford county (Plaintiff's Exhibit A), and three letters (Plaintiff's Exhibits B, C, D).
"The standards governing . . . a motion for summary judgment are well established. . . . [S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitation § [are] not in dispute. . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984). CT Page 3987
The defendants argue that § 52-592 (Accidental Failure of Suit) does not apply in this case because it requires that the initial suit be commenced within the time limited by law and the plaintiff failed to do so. The defendants argue that they were not served, properly or improperly, with the original complaint until April 19, 2000, more than two years from the date of the accident, which is the applicable statute of limitations pursuant to General Statutes § 52-584. Therefore, the defendants argue that because the plaintiff's original action was never "commenced," § 52-592 does not save the plaintiff's current claim and they are entitled to summary judgment as to the first count.
In response, the plaintiff argues that the lawsuit is saved by §52-592 because the original action was commenced within the statutory period of time. The plaintiff argues that, in the context of § 52-592, an action is commenced when an attempt to serve the defendants is made, not necessarily when the defendants are actually served.
Section 52-592 (a) provides, in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."
The issue before the court is what constitutes "commenced" for purposes of § 52-592. "In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended. . . ." (Citation omitted; internal quotation marks omitted.)Nickel Mine Brook Associates v. Sakal, 217 Conn. 361,370-71, 585 A.2d 1210 (1991). Thus, "general words and phrases may be restricted in meaning to adapt their meaning to the subject-matter in reference to which they are used. . . ." (Citations omitted; internal quotation marks omitted.) Id., 370.
The Superior Courts disagree with respect to what constitutes "commenced" for purposes of § 52-592. Several courts have found that an action is commenced on the date of service upon the defendant. Estateof Adamec v. Hartford East Elderly Apartments Ltd. Partnership, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 367902 (July 19, 1990, Mulcahy, J.) (defendant not served properly or improperly); see also Battaglia v. Colonial Condominium Association,Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, CT Page 3988 Docket No. 157598 (March 24, 1998, Karazin, J.) (21 Conn.L.Rptr. 572) (court distinguished insufficient service from no service at all and found that § 52-593 does not apply to actions where service was never made). The defendants rely on this line of cases to support their argument.
Other courts have found that "[a]lthough the term `commenced' generally means the date at which valid service upon the defendant is perfected . . . as applied to the accidental failure of suit statute, `commenced' means the date when service, even if later, deemed insufficient, is attempted." (Citations omitted.) Nelson v. The Stop Shop Co., Inc.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 307467 (May 7, 1992, O'Keefe, J.) (6 Conn.L.Rptr. 410, 411); see alsoAhnert v. Tanguay, Superior Court, judicial district of Tolland at Rockville, Docket No. 66599 (May 18, 1998, Klaczak, J.), citing BalboaIns. Co. v. Zaleski, 12 Conn. App. 529, 533, 532 A.2d 973 (1987); Ortizv. Garbo's Restaurant Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149099 (June 24, 1997,D'Andrea, J.) (19 Conn.L.Rptr. 672). These courts have rejected the argument that an action dismissed for insufficient service is never "commenced" for purposes of § 52-592. Migliore v. Merritt MedicalCenter, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308957 (January 26, 1995, Cocco, J.) (13 Conn.L.Rptr. 387);Eastern Plastics v. New England Oven Furnace Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 375538 (October 27, 1995, Zoarski, J.) (15 Conn.L.Rptr. 343); Nelson v. The Stop ShopCo., Inc., supra, Superior Court, Docket No. 307467 (6 Conn.L.Rptr. 410, 411) (the court rejected the defendant's argument that because the first action was dismissed for insufficient service, the plaintiff never "commenced" the first action within the meaning of General Statutes section 52-592.). The plaintiff relies on this line of cases to support her argument.
If the court were to accept the argument of the defendants, "the practical effect [of accepting it] would be to bar [the] plaintiffs from pursuing a second action under the accidental failure statute whenever insufficient service occurs." Nelson v. The Stop Shop Co., Inc.,
supra, Superior Court, Docket No. 307467 (6 Conn.L.Rptr. 410, 411). The court finds that the result urged by the defendants is unreasonable and undermines the rational result intended by § 52-592. That is particularly true in this case where the evidence permits a finding that in the original case while there was no service of process on defendant Noore, there was service upon Aetna Insurance Company, and copies of the writ of summons and the complaint were forwarded to a Fairfield County Sheriff for service upon the defendants. Based on these facts, the court finds that there was an attempt of service, which was not completed due CT Page 3989 to "the default or neglect of the officer to whom it was committed," as provided for in General Statutes § 52-592.
In this case, for the foregoing reasons, the court adopts the ruling in the Nelson v. The Stop Shop Co., Inc. line of cases and finds that in the context of an action brought pursuant to § 52-592, an action is commenced when service is attempted, not when service upon the defendant is perfected
Therefore, the court hereby denies the defendants' motion for summary judgment as to the first count of the plaintiff's complaint because § 52-592 applies and the plaintiff's action is not time barred.
The defendants also argue that § 52-593 (Wrong Named Defendant) does not save the current action because the original action was dismissed for lack of jurisdiction and insufficient process, not for naming the wrong defendant.
Because the plaintiff fails to address this argument in her objection to the defendants' motion for summary judgment, she fails to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Appleton v. Board of Education, supra, 254 Conn. 209. Therefore, the court grants the defendants' motion for summary judgment as to count two of the plaintiff's complaint.
By the Court,
Joseph W. Doherty, Judge