[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant, Mary F. Schrijn, has moved to strike Count Two of the second amended complaint on the grounds that it fails to state a claim upon which relief can be granted.
Count One of the complaint is a breach of contract claim against Stephen A. Schrijn asserting his failure to reimburse the plaintiff for forfeited bonds as well as his failure to pay Ranger premiums on bonds written by him as required by their agreement.
Count Two is an indemnification count against Mary F. Schrijn as a loss indemnitor to the agreement. CT Page 4505
In ruling on a motion to strike, the court must construe the complaint in the manner most favorable to sustaining its legal sufficiency. Bohanv. Last, 236 Conn. 670, 674-675 (1996). The court also takes the facts alleged and those necessarily implied from the allegations as admitted and construes them in favor of the pleader. Amodio v. Cunningham,182 Conn. 80, 82-83 (1980).
Count Two of the second amended complaint alleges that the plaintiff and Stephen A. Schrijn entered into a bail bond underwriting agreement under which the plaintiff would provide Schrijn with surety bail bonds and he could write Ranger bail bonds for his clients. Pursuant to the agreement, Schrijn agreed to pay Ranger a premium on the bonds he sold and to reimburse Ranger for bonds forfeited by Schrijn's clients. The complaint alleges Schrijn failed to make such payments. The complaint further alleges that Mary F. Schrijn signed the agreement as an indemnitor and therefore, pursuant to the agreement, she is responsible for the losses, expenses and obligations, of Stephen A. Schrijn.
Mary F. Schrijn claims in her motion to strike that the contract attached to the complaint clearly shows she has no obligation under the agreement as an indemnitor. Although the agreement does not refer specifically to the obligation and liability of the indemnitor, it is signed and acknowledged by Mary F. Schrijn as indemnitor and the contract refers to the Company's rights to indemnification. In construing the complaint in the light most favorable to the plaintiff, these allegations are sufficient to support the plaintiffs claim against Mary Schrijn.
The defendant, Mary Schrijn also claims that an action for indemnification does not occur until the indemnitee has incurred a loss, and the plaintiff has not yet incurred such a loss, nor has the plaintiff yet obtained a final judgment against the primary defendant, Stephen A. Schrijn. Yet the complaint alleges that the plaintiff has suffered a loss, and an indemnification claim does not require that judgment be first entered. The right to indemnification will be based on the nature of the agreement of the parties which can include indemnification for liability as well as loss. Fairfield v. D'Addario, 149 Conn. 358, 361
(1962).
Mary Schrijn also alleges that the complaint is insufficient because it fails to allege any consideration for the alleged contract of indemnification with her. However, the plaintiff is not required to plead every element of the formation of the contract in determining the sufficiency of a complaint for purposes of withstanding a motion to strike, "all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted . . . Doe v. Yale University, CT Page 4506252 Conn. 641, 667, 748 A.2d 834 (2000)." Gazo v. City of Stamford,255 Conn. 245, 260 (2001).
The motion to strike is denied.
 ___________________, J. Scholl